## LEWIS VS. McDOUGALL.

A married woman is a competent witness for a plaintiff who claims as her vendee, in an action against an officer to recover possession of personal property seized under an execution against her husband.

The husband is not concluded by the judgment in such action.

ERROR to the Circuit Court for *Dane* County.

The case is stated by the court.

*Welch & Lamb*, for plaintiff in error:

There are numerous cases, even at common law, which hold that although the wife or husband is interested in the question at issue in a suit (to which neither is a party), the other is nevertheless competent as a witness, because the one so interested cannot be concluded by the verdict, nor receive the proceeds of the suit. The cases, of course, except confidential communications. *City Bank vs. Bangs*, 3 Paige, 36; *Fitch vs. Hill*, 11 Mass., 28; *Porter vs. McClure*, 1 Hayw., 360; *Richardson vs. Learned*, 10 Pick., 261; *Williams vs. Johnson*, 1 Strange, 504; *Jackson vs. Heath*, 1 Bailey, 355; 9 Jurist, 225; 8 Adolph. & Ellis, 683; 22 Pick., 253; *Averson vs. Kinnaird*, 6 East, 192; *Ratcliffe vs. Wales*, 1 Hill, 63; *Coffin vs. Jones*, 13 Pick., 441; *Gaskill vs. King*, 12 Iredell, 211; *Hester vs. Hester*, 4 Dev., 228; *Rex vs. Butherwick*, 2 Barn. & Adolph., 639; *Baring vs. Reeder*, 1 Hen. & Mun., 154; *Burns vs. Taylor*, 23 Alabama, 268. The case where neither was a party was always entirely different from the case where one was a party. In the first case the objection was always removable (by assignment or release of the interest); in the second case it was, at common law, without remedy, and was founded in public policy. Where the husband would have been disqualified by interest, the wife would also be disqualified, because their interests were held identical; but the removal of the disqualification of the husband, by the statute, renders the wife also competent. *Babbott vs. Thomas*, 31 Barb., 277; *Deck vs. Johnson*, 30 Barb., 283; *Marsh vs. Potter*, id., 506; *Lawyer vs. Smith*, 8 Mich., 412; *Little vs. Little*, 13 Grey, 264; *Snell vs. Town of Westport*, 9 id., 321; *R. R. Co. vs. Lincoln*, 29 Vt., 206; *Cram adm. vs. Cram*, 33 id., 20; *Bisbing vs. Graham*, 14 Pa. St., 14; 3 Mass., 225; 1 id., 73; *Wheaton vs. Wilmarth*, 13 Met., 422; *Sage vs. Robinson*, 3 Exch., 141; *Hastings vs. McKinley*, 1 E. D. Smith, 273; *Farley vs. Flanagan*, 1 id., 313; 2 id., 525; *State vs. Dudley*, 7 Wis., 664; *Merriam vs. R. R.*, 20 Conn., 363; *Stapleton vs. Croft*, 10 Eng. L. & Eq., 455; *McGin vs. Worden*, 3 E. D. Smith, 360; *Commonwealth vs. Murphy*, 4 Allen, 491; 8 Indiana, 180; *Hobby*

*vs. Wis. Bk.*, ante, p. 167; *Birdsall vs Dunn*, 16 Wis., 235; *Barnes vs. Martin*, 15 id., 240 ; *Lockhart vs. Luker*, 36 Miss.,68 ; 4 Man. & Gr., 440. Counsel also argued that under the statute of this state, husband and wife are competent witnesses even in cases where one of them is a party.

*Braley & Smith*, for respondent.

[No printed brief on file.]

*By the Court*, COLE, J. This action was brought by the plaintiff in error, who was the vendee of Mrs. Pelton, to recover the possession of certain personal property, which the defendant in error, as deputy sheriff, had seized upon an execution against Mrs. Pelton's husband. Upon the trial, Mrs. Pelton was sworn, and asked to state whether she sold the property described in the complaint to *Lewis* in the summer of 1862. This question was objected to, on the ground that *Lewis* was the assignee of the witness, and that the defendant claimed to hold the property by virtue of the levy on the execution against her husband. It being admitted that the witness was the wife of the defendant in execution, she was held to be disqualified from testifying in the cause. The objection to her competency is understood to be placed upon the ground that a husband and wife are not admissible as witnesses for or against each other when either is directly interested in the event of the suit. And the general doctrine which excludes husband and wife as witnesses at common law, as well as the question how far the rule has been changed by our present statute, has been very fully discussed upon the argument, as though Mrs. Pelton came within the reason and principle of that rule of exclusion in this case. But we think this is a mistaken view of the matter. For, as we understand the rule, it does not apply here at all. The husband, Pelton, is not a party to this suit, and the judgment herein will not conclude or affect his rights in any way. Professor GREENLEAF, in his work upon Evidence, lays down the law upon this subject in the following language : "But

though the husband and wife are not admissible as witnesses against each other, when either is directly interested in the event of the proceeding, whether civil or criminal, yet in *collateral proceedings*, not immediately affecting their mutual interests, their evidence is receivable, notwithstanding it may *tend to criminate* or may contradict the other, or may subject the other to a legal demand." 1 Greenl. Ev., section 342. He refers in the note to the case of *Griffin vs. Brown*, 2 Pick., 304, where the court allude to this well settled rule of evidence and state clearly the reason upon which it is founded. In that case the the court say : " The cases cited by the counsel to support the competency of Patience Herrick, though, when read at the argument, they appeared to favor the opinion, yet upon examination are found not to come up to the point in question. They establish this principle, that the wife may be a witness to excuse a party sued from a supposed liability, although the effect of the testimony is to charge her husband upon the same debt in an action afterwards to be brought against him. This is the whole extent of the principle stated ; and the reason is, that the verdict in the action in which she testifies cannot be used in the action against her husband, so that although her testimony goes to show that he is chargable, yet he cannot be prejudiced by it. And it may be observed that in these very cases the husband himself would be a competent witness, if he were willing to testify, for his evidence would be a confession against himself. *Williams vs. Johnson*, 1 Str., 504 ; Phillips on Ev., (Am. Ed.), 70; *Fitch vs. Hill*, 11 Mass. Rep., 286 ; Peake's Ev. (3d Ed.), 183."

The wife was excluded in *Griffin vs. Brown*, because in an action by the sheriff against her husband, the verdict in that action would be conclusive of the amount of damages to be recovered. See also *Baring vs. Reeder*, 1 Hen. & Mun., 154 ; *Richardson vs. Learned*, 10 Pick., 261 ; *Coffin vs. Jones*, 13 id., 441 ; *Dyer vs. Homer*, 22 id., 253 ; *Dickerman vs. Graves*, 6 Cushing, 308 ; *Ratcliff vs. Wales*, 1 Hill, 63 ; *Babcock vs. Booth*,

2 Hill, 181; *Bisbing vs. Graham,* 14 Pa. St., 14; *Farley vs. Flanagan,* 1 E. D. Smith, 313; *Prince vs. Down,* 2 id., 525.

In this case, suppose *Lewis* should succeed in the action on the strength of Mrs. Pelton's testimony. The record in this suit would not be admissible in an action brought by Pelton even for this same property. If *Lewis* should attempt to avail himself of the record in a suit brought by Pelton, the latter would reply that he was not a party to this suit; that the proceedings were *res inter alios acta,* and could not conclude him.

We therefore think Mrs. Pelton did not come within the rule of exclusion relied on by the counsel for the defendant in error.

The judgment of the circuit court is reversed, and a new trial ordered.